**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

_____
                            :

Caroline Racine,                  :
                            :
                            :   Civil Action No.:  8:10-cv-01951-PJM
            Plaintiff,         :
     v.                             :
                            :
ER Solutions, Inc.; and DOES 1-10, inclusive,   :
                            :
           Defendant.       :
_____ :

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

Plaintiff initiated this action in good faith to seek relief from Defendant ER Solutions', Inc. ("ERS") alleged violations of the Fair Debt Collections Practices Act ("FDCPA") and Maryland State law.  ERS' motion for sanctions (the "Motion") misunderstands the definition of "debt" under FDCPA 15 U.S.C. § 1692(a)(5), fails to show Plaintiff or her counsel acted in bad faith and must be denied.

As set forth below, personal debts incurred on business cards are "debts" under the FDCPA. _See_ Perk v. Worden, 475 F. Supp. 2d 565, 569-70 (E.D. Va. 2007). Here, Plaintiff Caroline Racine ("Ms. Racine") incurred personal debts on a credit card opened in the name of her business "BolivaGallery.com." Therefore, any violative collection activity to recover those personal debts was actionable; Plaintiff and her counsel proceeded in good faith in initiating and pursuing her claims.

### Relevant History

On July 19, 2010, Plaintiff initiated this action by way of Complaint. (D-1).[1]  On August 20, 2010, ERS answered the Complaint (D-3) and on August 23rd the scheduling order entered. (D-5).

---

[1] "D-" refers to the Court's docket in this matter.

By letter dated September 28, 2010, counsel for defendant disclosed documents it

represented ERS obtained from Bank of America, the original creditor to Ms. Racine. (D-22-2).

ERS's counsel advised it believed the "documents establish that the debt in question was a

commercial obligation and therefore does not qualify as a 'debt' under the" FDCPA.  The

documents contained a small business credit application for a Bank of America credit card. (D-

22-2; pg 4, the "Agreement"). ERS took the same position in response to Plaintiff's Interrogatory

number 19, which requested detailed facts upon which ERS relied for each affirmative defense

listed in its answer, including its 15 U.S.C. § 1692k(a)(3) claim.  ERS responded:

> Defendant asserts that Plaintiff has brought this action in bad faith and for the
> purpose of harassment based upon the fact that the subject account was a "Small
> Business Credit Express" account issued by Bank of America in the name of
> Bolivar Network.

Ex. 1.

The documents ERS did provide did not contain a balance sheet or list of items purchased

with the credit card.  The documents did not show what, if any, portion of the debt ERS sought to

collect were related to business expenses. Regardless, "based on this documentation" ERS's

counsel requested authorization to file a stipulation of dismissal and warned that if the dismissal

was not filed, ERS would seek payment of their attorney fees and expenses. (D-22-2, pg 1).

Ms. Racine, a Florida resident, applied for the credit card in February, 2005, through

Bank of America's small Business Credit Express program. (Racine Aff. ¶2).[2] She applied using

her own social security number and on the basis of her own credit information. (Racine Aff. ¶3).

At the time she did not have another credit card and used the card for personal items. (Racine

Aff. ¶¶4-8).  Among other things, she purchased groceries, gasoline, clothes, furniture for her

home, paid for dry cleaning and utility bills and made other travel and dining expenses. (Racine

Aff. ¶¶5-8).  Ms. Racine used the card for her daily transactions; it was her "day to day" credit

card. (Racine Aff. ¶4).

---

[2] "Racine Aff." refers to the affidavit of Plaintiff Caroline Racine submitted in opposition to Defendant's Motion for
Sanctions.

Proceedings in this action were limited.  Plaintiff has filed a single Complaint (D-1), two joint motions for extensions of time (D-16, 24), a Motion for Leave to withdraw her claims under Fed. R. Civ. P. 41(a)(2) and the instant opposition.  Defendant filed its Answer (D-3), a motion to compel discovery responses (D-6), a Motion for an extension of time to complete discovery (D-9), a motion for summary judgment (D-14), a response to Plaintiff's motion to withdraw (D-21) and the instant motion for sanctions (D-22).

## Argument

### A.   Legal Standard for Sanctions under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927

The FDCPA provides that only "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

"Bad faith is 'not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Shah v. Collecto, Inc., 2005 WL 2216242, *15 (D. Md. Sept. 12, 2005) (citing BLACK'S LAW DICTIONARY 139 (6th ed.1990); see In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir.  2000). See also Glick v. Koenig, 766 F.2d 265, 270 (7th Cir.  1985) (stating bad faith may be shown "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass. . . rather than to obtain a favorable judgment"). The Fourth Circuit has stated that whether a plaintiff acted in bad faith is a "fact-dependent" inquiry. Chaudhry v. Gallerizzo, 174 F.3d 394, 411 (4th Cir.  1999).

28 U.S.C. § 1927 permits a court to tax the excess "costs" of a proceeding against a lawyer who so multiplies the proceedings in any case unreasonably and vexatiously.  To be clear, section 1927's prohibitions are unambiguously aimed "only at attorneys who *multiply* proceedings." DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir.  1999) (emphasis in original).  In

<u>Debauche</u>, the Fourth Circuit held as a matter of law that "the filing of a single complaint cannot

be held to have multiplied the proceedings" under § 1927. <u>*Id.*</u>

Under either provision, ERS fails to show this action was initiated or pursued in bad faith

with a dishonest purpose or moral obliquity

**B.**     <u>**ERS's Characterization of the Debt was Incorrect and is Misleading**</u>

It is a threshold requirement to maintain an action under the FDCPA that the prohibited

practices are used in an attempt to collect a "debt" defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a
> transaction in which the money, property, insurance, or services which are the
> subject of the transaction are primarily for personal, family, or household
> purposes.

15 U.S.C. § 1692a(5); *see also* <u>Mabe v. G.C. Services Ltd. Partnership</u>, 32 F.3d 86, 88 (4th

Cir. 1994). However, the characterization of the credit instrument (corporate credit card,

personal credit card, personal check etc.) is not dispositive:

> Although Plaintiff applied for a corporate card, she did not incur the debt until it
> was used for her personal purposes. By way of illustration, the definition of
> "credit card" from Regulation Z's interpretation of the TILA is, "any card, plate,
> coupon book, or other single credit device *that may be used from time to time to
> obtain credit.*" 12 C.F.R. § 226.2(a)(15) (2006) (emphasis added). The Fish
> Scents card was not used to obtain credit until Plaintiff used it for her personal
> purposes; therefore, the debt was personal at the moment it was incurred. *See
> Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.,* 214 F.3d
> 872, 874-75 (7th Cir.2000) (holding that the moment when the debt is incurred is
> the relevant time for determining its nature)

<u>Perk v. Worden</u>, 475 F. Supp. 2d 565, 569-70 (E.D. Va. 2007). *See also* <u>Miller v. McCalla,</u>

<u>Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.</u>, 214 F.3d 872, 875 (7th Cir. 2000) (stating

that whether a debt is a "consumer debt" under the FDCPA depends on "the transaction out of

which the obligation to repay arose, not the obligation itself . . ."); <u>Clark v. Brumbaugh and</u>

<u>Quandahl, P. C ., LLO</u>, 731 F. Supp 2d 915, 921 (D. Neb. 2010) (". . . the court must focus on

the nature of the debt that was incurred, and not the purpose for which the Account was

opened."); <u>Garcia v. LVNV Funding</u>, No. A–08–CA–514–LY, 2009 WL 3079962, at * 3 (W.D.

Tex., Sept. 18, 2009) ("Whether a debt is a consumer debt [under the FDCPA] is determined by

the use of loan proceeds by the borrower and not by the motive or intent of the lender."); Vick v.

NCO Fin. Sys., Inc., 2:09-CV-114-TJW-CE, 2011 WL 1195941 (E.D. Tex. Mar. 7, 2011) *report

and recommendation adopted*, 2:09-CV-114-TJW-CE, 2011 WL 1157692 (E.D. Tex., Mar. 28,

2011).[3]  The fact that ERS produced Plaintiff's counsel with the Agreement did not require the

Plaintiff to withdraw her claims because it did not show it was a business debt.

Regardless, Ms. Racine incurred personal debt on the card.  She used the card to buy

groceries, pay for gasoline, clothes, dry cleaning and for furniture for her home. (Racine Aff.

¶5).  She used the card for travel expenses and for dining. (Racine Aff. ¶6).  ERS has not now,

or at any time in the proceedings, produced documents to show Ms. Racine did not incur

personal debt on the credit card or to show what business items were paid for.

Also, ERS has made no showing whatsoever, that this action was pursued for the

purposes of harassing ERS  or for ill will as is required by the plain language of 15 U.S.C.

§ 1692(k)(a)(3).

**C.     Plaintiff did not Multiply Proceedings**

ERS's claim for sanctions under 28 U.S.C. § 1927 is frivolous.  As noted above, in

DeBauceh the Fourth Circuit concluded that the filing of a single complaint cannot be held to

have multiplied the proceedings.  Here Plaintiff has filed one Complaint, one Joint Motion for an

Extension of Time, and a Motion to Dismiss her own case after ERS declined to stipulate to

dismissal.  Plaintiff's actions show she sought to decrease the proceedings in this matter by not

opposing the summary judgment motion and agreeing to withdraw her claims.  As noted above,

Plaintiff incurred personal debt and ERS did not present any evidence to show her claims were

not actionable under the FDCPA.  Plaintiff initiated this action and pursued it in good faith.

---

[3] Nor is Plaintiff stopped from showing these are personal debts by virtue of an estoppel argument.  Cases such as Smith v. EVB, 2010 WL 1253986 (E.D. Va., March 23, 2010)  which apply a "quasi-estoppel" doctrine are distinguishable.  There the consumer makes a representation to incur a specific debt (i.e. to get a loan, not a line of credit) and later seeks to re-characterize that specific transaction.  That is not the case here where plaintiff incurred debt for specific personal items and did not incur the debt when applying for the card.

## Conclusion

Plaintiff initiated this action in good faith to pursue claims under the FDCPA and

Maryland State Law for ERS' attempts to collect a consumer debt incurred for personal

purposes.  ERS maintained throughout that it would seek sanctions because the debt was

incurred on a business card.  ERS's position, then and now, is without merit in law and fact.

ERS fails to make any showing that Plaintiff initiated or pursued this action with any ill will or

ulterior motive.  For the foregoing reasons the motion for sanctions must be denied. .

Dated:
May 6, 2011


 Respectfully Submitted,



/s/ Forrest E. Mays
Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2011, a true and correct copy of the foregoing was served electronically by the U.S. District Court for the District of Maryland Electronic Document Filing System (ECF) upon all counsel of record.


By  /s/ Forrest E. Mays
    Forrest E. Mays